Onsby C. JOHNSON, Petitioner,

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES, Respondent.**

No. 02–4287.

United States Court of Appeals, Sixth Circuit.

Dec. 5, 2003.

Megan E. Clark, Freking & Betz, Cincinnati, OH, Joel K. Stein, Tiede, Metz, Downs, Lynn & Schlitt, Wabash, IN, for Petitioner.

Patricia Nece, Katie M. Streett, Washington, DC, for Respondent.

Before SILER and GILMAN, Circuit Judges; and BUNNING, District Judge.*

## ORDER

Onsby C. Johnson, an Indiana resident, petitions through counsel for review of an order of the Benefits Review Board affirming an administrative law judge's decision denying his claim for benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901–45. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Johnson was born in 1935 and has an eighth grade education. As a young man, he worked in the coal mining industry in Kentucky, mostly as a truck driver. The administrative law judge (ALJ) in this case found that Johnson had established over seven years of such employment. Johnson later moved to Indiana and worked in factories until he retired based on a disability from back pain. He is a non-smoker. Johnson filed this claim for black lung benefits in 1998. He had filed an earlier claim, but had withdrawn it when several doctors opined that he was not disabled. The ALJ erroneously treated this as a duplicate claim, although the original claim had not been finally denied. However, he found that there had been a material change in condition, and therefore examined the claim on the merits, rendering the error harmless. The respondent conceded that Johnson has pneumoconiosis, and the ALJ found that the medical opinion evidence established that the pneumoconiosis arose out of Johnson's coal mine employment. However, the ALJ found that the evidence did not establish that Johnson is totally disabled, and therefore denied the claim. The Benefits Review Board (BRB) affirmed that decision.

In his brief, Johnson argues that the BRB exceeded its scope of review by making a factual determination that Dr. Farnsworth was not Johnson's treating physician. He contends that Dr. Farnsworth's opinion was sufficient to establish a total disability.

This court reviews a decision by an ALJ in a black lung case to determine whether it is supported by substantial evidence. *Gray v. SLC Coal Co.*, 176 F.3d 382, 387 (6th Cir.1999). Upon careful consideration, we conclude that the decision below meets this standard.

The decisive issue in this case is whether Johnson is totally disabled. There are four methods for establishing a total disability in a black lung case. In this case, none of the pulmonary function studies or blood gas studies indicated the existence of a total disability, and there was no diagnosis of cor pulmonale. Therefore, total disability could be established only by physicians' opinions. The physicians' opinions in this case included two letters from a Dr. Mathew, who opined in 1994 that Johnson was disabled by his back pain, and in 1997, that he was also disabled by pneumoconiosis. However, Dr. Mathew submitted no documentation or reasoning to support his conclusions. Furthermore, Johnson concedes that he was not totally disabled prior to 1998, when he filed this claim. The record also contains two examinations conducted in conjunction with the original claim, by Dr. Ahuja in 1995 and Dr. Combs

---

* The Honorable David L. Bunning, United States District Judge for the Eastern District of Kentucky, sitting by designation.

in 1996. Both doctors conducted pulmonary function studies and blood gas studies, and concluded that Johnson had no impairment or disability. Again, Johnson concedes as much. The evidence subsequent to the new claim includes some treatment notes by Dr. Williams from 1998 which do not address the issue of disability, an examination by Dr. Acquaro from the same year (erroneously identified by the ALJ as having been submitted by Dr. Williams), which included normal pulmonary function and blood gas studies and did not diagnose any disability, the opinion of Dr. Rasp, who treated Johnson in 1998 and 1999, and found that he had a mild impairment, an examination by Dr. Adeshna from 2000, which showed that Johnson had no significant obstruction or restriction on his pulmonary function study, and the treatment notes and opinion of Dr. Farnsworth. Dr Farnsworth was Johnson's treating physician for two years, although he referred him to Dr. Rasp for his respiratory problems. Dr. Farnsworth noted that Johnson's file contained one normal pulmonary function study and one which showed a mild restrictive and obstructive defect. He opined that Johnson's cough and shortness of breath had increased to the point where he was totally disabled.

The ALJ declined to accord Dr. Farnsworth's opinion significant weight because he found it to be undocumented and unreasoned. The BRB, in affirming this decision, also noted that Dr. Farnsworth's qualifications were not in the record, and stated that he was not a "treating" physician as contemplated by this court's decision in *Tussey v. Island Creek Coal Co.,* 982 F.2d 1036, 1042 (6th Cir.1993), which held that a treating physician's opinion may be entitled to deference. Johnson argues on appeal that the BRB was making a factual finding that Dr. Farnsworth was not his treating physician, contrary to what the ALJ had found. It appears, however, that the BRB was merely inartfully expressing its conclusion that Dr. Farnsworth's opinion was not entitled to added weight, because he apparently had no expertise in treating respiratory conditions, and in fact referred Johnson to Dr. Rasp, a pulmonoligist in his group, for diagnosis and treatment of Johnson's respiratory problems. This court has recently clarified that a treating physician's opinion is not automatically entitled to deference, but only will receive added weight in cases where it is persuasive because it is documented and reasoned. *Eastover Mining Co. v. Williams,* 338 F.3d 501, 512–13 (6th Cir.2003). Here, the ALJ did not err in concluding that Dr. Farnsworth's opinion was not documented and reasoned. His treatment notes did document that Johnson frequently complained of cough and shortness of breath. However, the pulmonary function studies showed at most a mild impairment. A physician's opinion can substitute for test results in establishing a total disability, but only where the finding of disability is explained. *Cornett v. Benham Coal, Inc.,* 227 F.3d 569, 577 (6th Cir.2000). In this case, Dr. Farnsworth did not explain how Johnson could be disabled by shortness of breath where the pulmonary function studies showed no more than a mild impairment and the blood gas studies indicated that his blood was being adequately oxygenated. Dr. Farnsworth's conclusory statement was contrary to all the other evidence on the issue of disability, without any explanation. The ALJ therefore did not err in refusing to defer to his opinion.

Because the ALJ's finding that Johnson is not totally disabled is supported by substantial evidence, the petition for review is denied.